## IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

IN RE:

**ORLANDO SOTO SONERA**

**Debtor**

CASE NO. 14-03925 BKT

Chapter 13

**JOSE FELICIANO**

**Plaintiff**

vs.

**ORLANDO SOTO RIVERA**

**Defendant**

Adversary No. 14-00264 BKT

**FILED & ENTERED ON 07/21/15**

## OPINION AND ORDER

Before this Court is a *Motion for Reconsideration of the Court's Order of March 25, 2015* [Dkt. No. 33] filed by Debtor, Orlando Soto Rivera ("Defendant" or "Mr. Soto"), and an opposition to said motion [Dkt. No. 55] filed by José A. Feliciano ("Plaintiff" or "Mr. Feliciano"). For the reasons set forth below, Defendant's *Motion for Reconsideration of the Court's Order of March 25, 2015* [Dkt. No. 33] is GRANTED.

### I. Factual Background

The controversy at issue started on July 11, 2014, when Plaintiff filed an objection to the Defendant's discharge [Case No. 14-03925, Dkt. No. 11]. On September 2, 2014, this Court

1

denied said motion for failure to comply with Fed. R. Bankr. P. 7001. Shortly thereafter, and instead of filing an adversary proceeding, on September 24, 2014, Plaintiff filed yet another motion objecting to the discharge [Case No. 14-03925, Dkt. No. 27].

At the confirmation hearing held on October 23, 2014, this Court considered the Plaintiff's second motion objecting to the discharge and denied the same without prejudice [Case No. 14-03925, Dkt. No. 30]. This Court ordered the Plaintiff to present his objection by December 18, 2014 through an adversary proceeding [Case No. 14-03925, Dkt. No. 30]. Counsel for the Defendant was present at such hearing and did not object. Furthermore, the Defendant did not file an objection or reconsideration of this Court's order. As a result, the Plaintiff filed the above captioned adversary proceeding within the allowed time [Dkt. No. 1].

The motion at issue stems from this Court's order [Dkt. No. 28] denying Defendant's motion to dismiss [Dkt. No. 19]. In his motion to dismiss, the Defendant alleged that Plaintiff did not properly comply with the Federal Rule of Civil Procedure's service requirements. In the alternative, Defendant argued that Plaintiff did not commence his action for relief under section 523(c) of the Bankruptcy Code. After careful consideration of the parties' positions, this Court denied Defendant's motion to dismiss. The court held that the Plaintiff appropriately filed his complaint within the time allowed to oppose Defendant's dischargeability and disregarded the service arguments as premature. Defendant now seeks reconsideration of the aforementioned order.

On April 8, 2015, Defendant filed his *Motion for Reconsideration of the Court's Order of March 25, 2015* [Dkt. No. 33]. The Defendant contends that the court lacked jurisdiction to enter an order extending the deadline to file a complaint objecting to the dischargeability of a debt.

2

Defendant also argues that the extension was granted without a "hearing on notice." Lastly, Defendant argues that the court erroneously concluded that he did not timely raise the issue of the complaint being time-barred.

In his response, Plaintiff argues that Defendant's allegation that the court lacks jurisdiction to enter an order extending the deadline to file a complaint objecting the dischargeability of a debt is without merit. Plaintiff reasons that Fed. R. Civ. P. Rule 15(c) states that an amendment to a pleading reverts back to the date that the first pleading was filed when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out or attempted to be set out in the original pleading. Therefore, Plaintiff alleges that he in fact commenced his adversary proceeding in a timely fashion. The court disagrees with the Plaintiff, and for the following reasons, finds Defendant's motion for reconsideration meritorious.

## II.      Standard of Review

Rule 9023 of the Federal Rule of Bankruptcy Procedure provides in part as follows: "[a] motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment." Fed. R. Bankr. P. 9023. Accordingly, the 28-day period to file a motion to alter or amend a judgment under Fed. R. Civ. P. 59 is reduced to 14 days, as per Fed. R. Bankr. P. 9023. Id. This 14-day time period is jurisdictional and may not be extended. 10 Collier on Bankruptcy ¶ 9023.07 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). In fact, Rule 9006(b)(2) prohibits the enlargement of any of the time periods established by Rule 9023. Fed. R. Bankr. P. 9006.

3

In conformity with Fed. R. Civ. P. 59, a party seeking reconsideration "must either clearly establish a manifest error of law or must present newly discovered evidence." Marie v. Allied Home Mortgage Corp., 402 F. 3rd 1, 7 n. 2 (1st Cir. 2005) (quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n. 2 (1st Cir. 2004)). In Marie, the First Circuit cited a leading treatise, noting four grounds for granting a motion for reconsideration under Fed. R. Civ. P. 59 (e), to wit: "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." Marie, 402 F.3rd at 7 n. 2 (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)). As such, reconsideration of a judgment under Rule 59 is directed at allowing a court to correct its own errors. White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 450 (1982).

### III.    Legal Analysis

The nature of the Plaintiff's suit is based on 11 U.S.C. § 523. Said section of the Bankruptcy Code states, in pertinent part, that an individual debtor may not be discharged from any debt:

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> …
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;
> …
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a).   However, Section 523(a) is tempered by section 523(c). Specifically, "[s]ection 523(c)(1) gives the bankruptcy court exclusive jurisdiction to determine the

4

dischargeability of debts excepted from discharge under paragraph (2), (4) or (6) of section 523(a) and requires a creditor who is owed a debt that may be excepted from discharge under paragraph (a)(2), (4) or (6) to initiate proceedings in the bankruptcy court for an exception to discharge." 10 Collier on Bankruptcy ¶ 523.29 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). In other words, if a "creditor does not act, the debt is discharged." Id. The creditor "acts" by filing an adversary proceeding, as Fed. R. Bankr. P. 4007 states that a proceeding to determine the dischargeability of debt is governed by Part VII of the Rules and commenced by a complaint. Fed R. Bankr. P. 4007. In the matter at hand, Plaintiff is challenging the dischargeability of Defendant's debt based on Section 523(a)(2), (4), and (6). Thus, this Court correctly ordered him to file an adversary proceeding to request the determination of the dischargeability of said debt as required by section 523(c).

While the Plaintiff eventually filed the complaint, there remains the issue as to whether the suit is time barred. Section 523 "fixes no time limit within which the creditor must initiate the proceeding to determine dischargeability of the debt." 10 Collier on Bankruptcy ¶ 523.29 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). In accordance with "the general design of the Bankruptcy Code to leave most procedure to" the Federal Rules of Bankruptcy Procedure, a creditor "must file a complaint [to determine dischargeability of the debt] within the time limitations prescribed by" Rule 4007(c). Id.; Fed. R. Bankr. P. 4007. Rule 4007(c) provides that "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed *no later than 60 days* after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4007 (emphasis added). In the matter at hand, the deadline to challenge the dischargeability of the Defendant's debts was August 18, 2014. While the Plaintiff filed his *Motion Objecting to*

5

*Discharge* within the Rule 4007(c) time limitation, on September 2, 2014, said motion was denied without prejudice for failure to file an adversary proceeding.

Additionally, while the time fixed to file suit to determine the dischargeability may be extended, Plaintiff never sought an extension. Pursuant to the Rule 4007, the only way a court may extend the time fixed to file suit to determine the dischargeability is if the following requirements are met: (1) a motion of a party in interest; (2) after hearing on notice; (3) for cause; and (4) before the 60 days has expired.[1] Fed. R. Bankr. P. 4007. "This strict limitations period is designed to further the fresh start goals of bankruptcy relief by requiring creditors to promptly join their objections to discharge in order that the debtor and other participants in the proceedings may enjoy finality and certainty of relief." In re Costa, No. BAP MB 12-032, 2013 WL 63916, at *4 (B.A.P. 1st Cir. Jan. 3, 2013) (citing Dole v. Grant (In re Summit Corp.), 109 B.R. 534, 537 (D.Mass.1990)). "Therefore, Rule 4007(c) precludes the bankruptcy court from granting late-filed motions to extend the period in which a party can object to a debtor's discharge of a debt." In re Prego Cruz, 323 B.R. 827, 831 (B.A.P. 1st Cir. 2005). It is evident that the Plaintiff did not comply with Rule 4007's requirement, as it never sought an extension of time before August 18, 2014 to file this adversary proceeding.[2] Additionally, the dismissal of the matter without prejudice on September 2, 2014, did not exempt Plaintiff from the original time limitations.

---

1 Note, Fed. R. Bankr. P. 9006(b)(3) further "provides that a court may not enlarge the time to file a complaint under Bankruptcy Rule 4007(c) for any reason outside of the provisions of Rule 4007(c)." In re Eaton, 327 B.R. 79, 81 (Bankr. D.N.H. 2005); Fed. R. Bankr. P. 9006.

2 While the court did allow Plaintiff to file this adversary proceeding before December 18, 2014, it is now taking the time to correct its own error, as said order was issued beyond the deadline to file a complaint to determine the dischargeability of a debt. White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 450 (1982).

6

The United States Supreme Court addressed the meaning of the phrase "dismissal without prejudice" and stated in pertinent part:

> The primary meaning of "dismissal without prejudice," we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim. That will also ordinarily (though not always) have the consequence of not barring the claim from other courts, but its primary meaning relates to the dismissing court itself. Thus, Black's Law Dictionary (7th ed.1999) defines "dismissed without prejudice" as "removed from the court's docket in such a way that the plaintiff may refile the same suit on the same claim," *id.,* at 482, ... and defines "dismissal without prejudice" as "[a] dismissal that does not bar the plaintiff from refiling the lawsuit *within the applicable limitations period,*" *ibid.*

Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 506 (2001) (emphasis added). The First Circuit Court of Appeals has held that the dismissal of a matter without prejudice "does not toll the statute of limitations under common law and equitable principles." Lopez-Gonzalez v. Municipality of Comerio, 404 F.3d 548, 554 (1st Cir. 2005) (first citing Chico–Velez v. Roche Prods., Inc., 139 F.3d 56, 58–59 (1st Cir.1998) (dismissal without prejudice for failure to prosecute did not toll 90–day filing period for action under the Americans with Disabilities Act); then citing Hilton Int'l Co. v. Union De Trabajadores De La Industria Gastronomica De P.R., 833 F.2d 10, 11 (1st Cir.1987) (dismissal of action under the Labor Management Relations Act "without prejudice" as a sanction for employer's failure to comply with discovery order did not toll the statute of limitations)). In the matter at hand, Plaintiff filed a motion to object to the dischargeability of Defendant's debt in the lead bankruptcy case on July 11, 2014. On September 2, 2014, this Court appropriately denied said motion for failure to file an adversary proceeding. While bankruptcy courts "must make reasonable accommodations to protect rights of pro se

litigants, such litigants are not exempt from compliance with relevant rules of bankruptcy procedure and substantive law." In re Ginsberg, 164 B.R. 870, 875 (Bankr. S.D.N.Y. 1994) (citing Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir.1983)). Plaintiff did not take the necessary provisions to save his rights. Therefore, as the limitation to file this matter has run, this action is untimely and the remedy is barred.

**IV.    Conclusion**

WHEREFORE, IT IS ORDERED that the *Motion for Reconsideration of the Court's Order of March 25, 2015* [Dkt. No. 33] filed by Defendant shall be, and it hereby is, GRANTED.

In San Juan, Puerto Rico this 21st day of July, 2015.

Brian K. Tester
U.S. Bankruptcy Judge

8